IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**WINSTEN ALPHONSO HANKS,**

    Petitioner,

v.                                                                                           Civil Action No. **3:17CV336**

**PRINCE EDWARD CIRCUIT COURT,** *et al.*,

    Respondents.

### REPORT AND RECOMMENDATION

Winsten Alphonso Hanks, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 3) challenging his conviction in the Circuit Court for the County of Prince Edward, Virginia ("Circuit Court"). Respondent moves to dismiss, arguing that Hanks's § 2254 Petition is barred by the statute of limitations. Despite the provision of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notice, Hanks failed to respond.[1] The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons that follow, it is RECOMMENDED that the § 2254 Petition be DENIED.

**A.    Procedural History**

    **1.    Criminal Proceedings**

After a jury trial, Hanks was convicted of driving after being adjudicated a habitual offender and driving while intoxicated, second offense, and was sentenced by the Circuit Court to five years and twelve months of incarceration respectively. *Commonwealth v. Hanks*, Nos. CR13000249-00 & CR13000268-00 (Va. Cir. Ct. Jan. 7, 2014). Hanks appealed. On May 23,

---

[1] Nearly six months later, the Court received a letter from Hanks with some attachments that he wishes the Court to consider in addressing the merits of his claims. (ECF No. 18.)

2014, the Court of Appeals of Virginia dismissed his appeal for failing to file a timely petition for appeal. (ECF No. 14–1, at 23.) Hanks did not appeal to the Supreme Court of Virginia.

### 2. State Habeas Proceedings

It appears that Hanks first attempted to file a petition for a writ of habeas corpus in the Court of Appeals of Virginia. (*See* ECF No. 14–1, at 19.) The Court of Appeals of Virginia found that "no exceptional circumstances [existed to] justif[y] exercise of [its] original jurisdiction" and dismissed the petition for a writ of habeas corpus "without prejudice to the right of petitioner to file a petition for relief in the appropriate circuit court." (*Id.* (citing *White v. Garraghty*, 341 S.E.2d 402, 406 (Va. Ct. App. 1986)).)

On March 24, 2016, Hanks filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. (ECF No. 14–1, at 3.) On June 10, 2016, the Supreme Court of Virginia dismissed the petition for writ of habeas corpus as untimely. (*Id.* at 1 (citing Va. Code Ann. § 8.01–654(A)(2)).)

### 3. § 2254 Petition

On or around April 23, 2017, Hanks mailed a letter to this Court complaining that counsel had not filed a direct appeal on his behalf. (ECF No. 1, at 1; ECF No. 1–4, at 1.)[2] By Memorandum Order entered on May 10, 2017, the Court directed Hanks to complete and return the standardized form for filing a 28 U.S.C. § 2254 petition. (ECF No. 2.) On May 25, 2017, the

---

[2] This is the date that Hanks drafted the letter. The letter was postmarked the following day, April 24, 2017. The Court assumes that April 23, 2017 was the day that Hanks placed the letter in the prison mailing system, and the Court deems this the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

Court received the § 2254 Petition on the standardized form. (ECF No. 3.) In his § 2254 Petition, Hanks asserts the following claim for relief:[3]

Claim One: "Counsel failed to perfect first appeal as of right." (§ 2254 Pet. 5.)

**B.      Statute of Limitations**

Respondent contends that the federal statute of limitations bars Hanks's claim. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

---

[3] The Court corrects the capitalization and spelling in the quotations from Hanks's submissions. The Court employs the pagination assigned by the CM/ECF docketing system to Hanks's submissions.

3

1. **Commencement and Running of the Statute of Limitations**

Hanks noted an appeal to the Court of Appeals of Virginia; however, he failed to perfect his appeal, and his appeal was dismissed on May 23, 2014, for failing to file a petition for appeal. (ECF No. 14–1, at 23.) Accordingly, his judgment became final on Monday, June 23, 2014, when the time for noting an appeal with the Supreme Court of Virginia expired. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); *see* Va. Sup. Ct. R. 5:14(a) (requiring notice of appeal to be filed within thirty days after judgment of the Court of Appeals of Virginia). Thus, Hanks had one year, or until Tuesday, June 23, 2015, to file a petition pursuant to 28 U.S.C. § 2254. Hanks filed this § 2254 Petition twenty-two months later on April 23, 2017.

2. **Statutory Tolling**

A person in state custody may toll the running of the limitation period during the time in which a *properly filed* application for state postconviction or collateral relief remains pending in state court. 28 U.S.C. § 2244(d)(2). The Supreme Court of the United States has addressed the meaning of "properly filed," stating that:

> [A]n application is *properly* filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

*Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (internal quotation marks omitted) (citations omitted). "[J]urisdictional matters and fee payments, both of which often necessitate judicial scrutiny, are 'condition[s] to filing.'" *Pace v. DiGuglielmo*, 544 U.S. 408, 413–14 (2005) (second alteration in original) (quoting *Artuz*, 531 U.S. at 9). A petitioner's failure to satisfy these "'condition[s] to

filing,' which go to the application for post-conviction review," preclude a petition from being properly filed within the meaning of the AEDPA. *Satterfield v. Johnson*, 434 F.3d 185, 191–92 (3d Cir. 2006) (alteration in original) (quoting *Artuz*, 531 U.S. at 10–11) (noting that the "absence of jurisdiction" constitutes a filing "flaw[]" that prevents statutory tolling). For example, a petition denied by a state court as untimely fails to qualify as "properly filed" within the meaning of the AEDPA. *Pace*, 544 U.S. at 413–14 ("When a postconviction petition is untimely under state law, that '[is] the end of the matter' for purposes of § 2244(d)(2)." (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)).

### 3. No Tolling for Habeas Petition Filed in the Court of Appeals of Virginia

It appears that Hanks first filed a petition for writ of habeas corpus in the Court of Appeals of Virginia. From the record before the Court, Hanks indicates that he filed the petition for habeas corpus in March 2015. (*See* ECF No. 14–1, at 22.) On August 14, 2015, the Court of Appeals of Virginia found that "no exceptional circumstances [existed to] justif[y] exercise of [its] original jurisdiction" and dismissed the petition for a writ of habeas corpus "without prejudice to the right of petitioner to file a petition for relief in the appropriate circuit court." (*Id.* at 19.) (*Id.*) As explained below, Hanks's habeas petition filed in the Court of Appeals of Virginia does not qualify for statutory tolling.

By statute, Virginia specifically vests jurisdiction to entertain writs of habeas corpus in the Virginia circuit courts and the Supreme Court. Va. Code. Ann. § 8.01–654(A)(1) (West 2018).[4] The Court of Appeals of Virginia reads the statutes governing state habeas proceedings to also implicitly provide for some original habeas jurisdiction in the Court of Appeals.

---

[4] "The writ of habeas corpus ad subjiciendum shall be granted forthwith by the Supreme Court or any circuit court, to any person who shall apply for the same by petition, showing by affidavits or other evidence probable cause to believe that he is detained without lawful authority." Va. Code. Ann. § 8.01–654(A)(1) (West 2018).

5

However, the Court of Appeals of Virginia will not exercise such jurisdiction absent a showing of "exceptional circumstances . . . when an adequate remedy may be had in the circuits courts under [Virginia] Code § 8.01–654." *White*, 341 S.E.2d at 406. Here, the Court of Appeals of Virginia found that Hanks failed to demonstrate any exceptional circumstances that would warrant exercising its original habeas jurisdiction over his habeas petition and directed him to seek relief in the appropriate circuit court. (ECF No. 14–1, at 19.) A petition filed in the wrong state court is not "properly filed" and does not toll the statute of limitations. *Artuz*, 531 U.S. at 8; *Eaton v. Clarke*, No. 3:11CV834, 2012 WL 4344195, at *5 (E.D. Va. Sept. 21, 2012). Therefore, Hanks's habeas petition filed in the Court of Appeals of Virginia does not entitle him to any statutory tolling.[5]

### 4. No Tolling for Habeas Petition Filed Late in Supreme Court of Virginia

On March 24, 2016, Hanks filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. (ECF No. 14–1, at 3.)[6] Despite filing this petition for a writ of habeas corpus in the Supreme Court of Virginia, Hanks lacks any entitlement to statutory tolling for this habeas petition because the federal limitations period had already expired on Monday, June 23, 2015. *Deville v. Johnson*, No. 1:09cv72 (CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Accordingly, the § 2254

---

[5] Even if this petition for a writ of habeas corpus was properly filed, and thus, tolled the federal limitation period from March 23, 2015, when Hanks filed the petition in the Court of Appeals of Virginia, until August 14, 2015, when the Court of Appeals dismissed the petition, *see* https://eapps.courts.state.va.us/cav-public; follow "ACMS–CAV" button; type "048515" in box for "CAV Record #" and follow "Find" button, Hanks's § 2254 petition remains untimely. Prior to the filing of this petition for writ of habeas corpus, 272 days of the federal limitations period had already expired. The limitation period began to run again on August 15, 2015 and would have expired on Monday, November 16, 2015.

[6] Hanks also contends that he filed a petition for a writ of habeas corpus in the Circuit Court. However, the record clearly demonstrates that the Circuit Court never received any such petition. (*See* § 2254 Pet. 16; ECF No. 14–1, at 20–24.)

Petition is barred unless Hanks demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C § 2244(d)(1)(B)–(D) or some equitable exception to the limitation period. Hanks provides no argument about the timeliness of his § 2254 Petition and, instead, marked that section "N/A." (*See* § 2254 Pet. 13–14.) Thus, it is RECOMMENDED that Hanks's § 2254 Petition be DISMISSED as untimely.

C.  **Conclusion**

For the foregoing reasons, it is RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 12) be GRANTED, Hanks's claim be DISMISSED, his § 2254 Petition be DENIED, and a certification of appealability be DENIED.

Hanks is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Hanks and counsel of record.

It is so ORDERED.

/s/ 
Roderick C. Young
United States Magistrate Judge

Date: May 9, 2018
Richmond, Virginia